IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-50,961-03






EX PARTE RODNEY REED








ON APPLICATION FOR WRIT OF HABEAS CORPUS


FROM CAUSE NO. 8701-03 IN THE 21
ST JUDICIAL DISTRICT COURT


BASTROP COUNTY






 Per Curiam. 



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In May 1998, a Bastrop County jury convicted applicant of the offense of capital
murder. The jury answered the special issues submitted pursuant to Texas Code of
Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's
punishment at death. This Court affirmed applicant's conviction and sentence on direct
appeal. Reed v. State, No. AP-73,135 (Tex. Crim. App. Dec. 6, 2000)(not designated for
publication). On November 15, 1999, applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court. This Court subsequently
denied applicant relief. Ex parte Reed, No. WR-50,961-01 (Tex. Crim. App. Feb. 13,
2002)(not designated for publication). On February 8, 2001, applicant filed a
"Supplemental Claim for Relief on Application for Writ of Habeas Corpus" in the
convicting court. This Court construed the filing as a subsequent application and
dismissed it. Ex parte Reed, No. WR-50,961-02 (Tex. Crim. App. Feb. 13, 2002)(not
designated for publication). Applicant's second subsequent writ was received in this
Court on June 15, 2005.

 Applicant presents seven allegations. We have reviewed the application and find
that applicant's Brady allegations regarding the Barnett and Keng affidavits and the items
submitted under seal satisfy the requirements of Article 11.071 § 5. Accordingly, we
remand the application to the trial court for consideration of these claims. Following the
receipt of live, testimonial, evidence, the trial court shall make any findings of fact and
conclusions of law relevant and appropriate to the disposition of these claims. A
supplemental transcript containing all documentary evidence and the transcription of the
court reporter's notes from all hearings held, along with the trial court's findings of fact
and conclusions of law, shall thereafter be returned to this Court. 

 The remainder of applicant's allegations fail to satisfy the requirements of Article
11.071, § 5(a). Accordingly, all other claims are dismissed as an abuse of the writ. Tex.
Code Crim. Proc. Art. 11.071, § 5(c).

 IT IS SO ORDERED THIS THE 19th DAY OF OCTOBER, 2005.


Do Not Publish